**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50548 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00923-SJO |
| v. | |
| DARRIN DENT, a.k.a. Bo, a.k.a. Darren Dent, a.k.a. Darrin Lanail Dent, a.k.a. Darrin Lynell Dent, a.k.a. Darryl Dent, a.k.a. Danny Madison Hill, a.k.a. Darren Mejesse Hill, a.k.a. Darrin Hill, a.k.a. D. Madison, a.k.a. Dennis Madison, a.k.a. Anthony Madra, a.k.a. Keno Peoples, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 14, 2013[**]

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Darrin Dent appeals from the district court's judgment and challenges two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conditions of supervised release imposed as part of his sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291. We review the legality of a sentence de novo, *see United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006), and we affirm.

Dent contends that two special conditions of supervised release included in the written judgment must be modified or stricken because they were not included in the oral pronouncement of sentencing. We disagree. The written judgment controls because it did not add any substantive conditions to Dent's sentence that went beyond what Dent and his counsel could have anticipated from the court's statements at the sentencing hearing. *See id.* at 1043.

**AFFIRMED.**